IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JARED RYAN, | § | |
| | § | No. 1, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2106009228, |
| STATE OF DELAWARE, | § | 2106009261(N) |
| | § | |
| Appellee. | § | |
| | § | |

Submitted: April 16, 2025
Decided: June 9, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we affirm on the basis of the Superior Court's December 9, 2024 order denying the appellant's motion for postconviction relief. The appellant did not file objections to the commissioner's report as required by Superior Court Rule of Criminal Procedure 62, and we agree with the commissioner's determination that the appellant has not demonstrated prejudice under *Strickland*.[1]

---

[1] *See Green v. State*, 238 A.3d 160, 174 (Del. 2020) (explaining that, under the two-part test established by *Strickland v. Washington*, 466 U.S. 668 (1984), to prevail on an ineffective assistance of counsel claim, a defendant must show both "that his counsel's representation fell below an objective standard of reasonableness" and "that the deficiencies in counsel's representation caused him substantial prejudice"); *id.* at 174-75 ("We may dispose of an

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_/s/ N. Christopher Griffiths_
Justice

---

ineffective-assistance claim based on the absence of sufficient prejudice without addressing the performance prong if, in fact prejudice is lacking.").